USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/18/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: ARCAPITA BANK B.S.C.(C)

                                                      23-cv-02310 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

> Robert T. Honeywell
> John Alexander Bicks
> K&L GATES LLP
> *Attorneys for Appellant*
>
> Andrew Michael Leblanc
> Dennis F. Dunne
> Evan R. Fleck
> Samir Vora
> MILBANK LLP
> *Attorneys for Appellee*

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on the motion by Bahrain Islamic Bank ("BisB") to stay (i) enforcement of the "Order Granting the Official Committee of Unsecured Creditors' Motion for an Order Holding Bahrain Islamic Bank in Civil Contempt," entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2023 (the "Contempt Order") and (ii) BisB's appeal of the Contempt Order to this Court (the "Contempt Order Appeal"), until the United States Court of Appeals for the Second Circuit rules on BisB's pending appeal (the "Second Circuit Appeal"). (Dkt 4) For the reasons set forth below, BisB's motion is denied in its entirety.

2

*Discussion*

Four factors must be balanced in determining whether a stay should be issued: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] The first two factors "are the most critical"[2] and the party seeking a stay "bears a difficult burden," as such motions are commonly denied.[3]

All four factors weigh in favor of denying BisB's motion, substantially for the reasons set forth in opposition brief submitted by the Official Committee of Unsecured Creditors of Arcapita Bank B.S.C(c) (the "Committee"). (Dkt 8, the "Opposition")

*First*, BisB has failed to make a strong showing that it is likely to succeed on the merits. BisB argues that it has made such a showing because it has made a strong showing to the Second Circuit that the Bankruptcy Court lacks jurisdiction over BisB and that the underlying adversary proceeding belongs in Bahrain, "such that the Court's underlying finding of a stay violation . . . will be reversed by the Second Circuit."[4] Moreover, it argues that it has a strong

---

[1] *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[2] *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 653, 671 (S.D.N.Y. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009)).

[3] *See United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995); *S.E.C. v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517, at *2 (S.D.N.Y. Apr. 11, 2008) ("[T]he 'burden of establishing a favorable balance of these factors is a heavy one and more commonly stay requests will be denied.'" (quoting *Barcia v. Sitkin*, No. 79-cv-5831(RLC), 2004 WL 691390, at *1 (S.D.N.Y. Mar. 31, 2004))).

[4] Dkt 5, at ¶ 43.

argument to succeed on the merits of the Contempt Order Appeal because (i) under the *Taggart* standard, BisB held objectively reasonable beliefs that it was not subject to the jurisdiction of the U.S. courts and that its setoff was permitted by Bahraini law[5] and (ii) BisB relied on legal advice.[6] Yet, as set forth more fully in the Opposition, issues of jurisdiction have no bearing on the applicability of the automatic stay, which is the basis of the Contempt Order, and BisB did not hold an objectively reasonable belief that its setoff did not violate the automatic stay.[7]  In all events, BisB has provided no basis to conclude that it has a strong likelihood of success on the merits.

*Second*, BisB has failed to demonstrate it will suffer irreparable harm absent a stay. BisB claims that absent a stay it will be "forced to expend substantial fees and expenses on further proceedings implementing the Contempt Order" while the Second Circuit Appeal is ongoing.[8] Courts regularly hold, however, that such monetary losses in connection with continued litigation do not constitute irreparable harm.[9]  Moreover, the seriousness and likelihood of the irreparable injury threatened in a case such as this is inextricably related to BisB's likelihood of success on the

---

[5]

*Id.* ¶¶ 44-45

[6]

*Id.* ¶ 46.

[7]

Dkt 8, at 17-22.

[8]

Dkt 5, at ¶ 47.

[9]

*See CIT Grp. Inc. v. Tyco Int'l Ltd. (In re CIT Grp. Inc.)*, No. 09-16565 ALG, 2012 WL 831095, at *5 (Bankr. S.D.N.Y. Mar. 9, 2012) (holding that "the incurrence of litigation costs does not ordinarily constitute irreparable harm"); *Strum v. Bressler (In re Bressler)*, Nos. 06-11897 (AJG), 07-01703 (AJG), 2007 WL 1989263, at *4 (Bankr. S.D.N.Y. July 9, 2007) ("[H]arm or injury arising solely from the costs associated with litigation does not constitute the irreparable injury necessary to warrant the Debtor's request for a stay pending appeal"); *see also Leroy v. Hume*, 563 F. Supp. 3d 22, 30 (E.D.N.Y. 2021) (noting that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury") (internal citation omitted).

4

merits.  As set forth above, BisB's likelihood of success on the merits is minimal and, thus, so too is the threat of irreparable injury.

*Third,* BisB has not established that the Committee will not suffer substantial harm if the stay is granted.[10]  BisB summarily addresses this factor, arguing that the Committee would not be injured sufficiently because "the only damages at issue here are monetary" and because the Second Circuit Appeal is briefed and argued.[11]  But the Committee already has been locked in litigation for a decade at a cost of millions of dollars.[12]  There is no reason to believe that this stay would be brief, and it is a practical reality that the cost of the litigation to the Committee would increase if BisB is permitted to drag out the process even further.[13]  This factor counsels against granting a stay.[14]

---

[10]

> *See ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns. Corp.),* 361 B.R. 337, 349 (S.D.N.Y. 2007) ("[T]he party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted.").

[11]

> Dkt 5, at ¶ 48.

[12]

> *See* Dkt 8, at 25.

[13]

> *See Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc.,* No. 10-civ-4119 (CM), 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) ("In addition to the axiom that 'justice delayed is justice denied,' it is a practical reality that the longer litigation lasts, the more expensive it will be.  Allowing [movant] to drag this case out even further by staying the damages trial will impose even more financial hardship on [non-movant] for a longer period of time.").

[14]

> *See Beeman v. BGI Creditors' Liquidating Tr. (In re BGI, Inc.),* 504 B.R. 754, 768 (S.D.N.Y. 2014) (motion to stay distributions to unsecured creditors would cause "significant harm" including the "loss of valuable working capital for an indefinite period of time, lost opportunities to invest funds, and the risk of losing principal . . ."); *see also In re Baker,* No. 1-01-24227 (DEM), 2005 WL 2105802, at *10 (E.D.N.Y. Aug. 31, 2005) (holding that "further delay [of] distributions owed to creditors as required by the Plan" was a substantial harm); *In re 29 Brooklyn Ave. LLC,* No. 12-40279 (CEC), 2015 WL 862637, at *3 (Bankr. E.D.N.Y. Dec. 11, 2015) ("It is 'well settled precedent that 'the delay caused to creditors receiving their payments is also a significant harm in warranting denial of a

5

*Fourth*, and finally, the public interest weighs in favor of the expedient and sound administration of bankruptcy proceedings and the finality of litigation.[15]

*Conclusion*

For the foregoing reasons, BisB's motion to stay (Dkt 4) is denied in its entirety.

SO ORDERED.

Dated:      May 18, 2023

Lewis A. Kaplan
United States District Judge

---

stay.'"") (citation omitted).

[15]

*See, e.g., ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 272 (S.D.N.Y. 2004) (recognizing the "public interest in the expeditious administration of bankruptcy estates as well as in the preservation of the bankrupt's assets for purposes of paying creditors"); *In re Savage & Assocs., P.C.*, No. 05-cv-2072 (SAS), 2005 WL 488643, at *2 (S.D.N.Y. Feb. 28, 2005) ("[P]ublic interest favors the expedient administration of bankruptcy proceedings, which appear to be nearing conclusion over two years after the confirmation of the debtor's plan of reorganization").